Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50002 | **DATE** | 4/17/2003 |
| **CASE TITLE** | Williams vs. Illinois Department of Corrections, | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion for summary judgment is denied. This case is remanded to Magistrate Judge Mahoney for any further final pretrial matters.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | | 51 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | 4-18-03 date mailed notice | |
| /LC7 | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials SW | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Milton Williams, Jr., has filed a two-count second-amended complaint against defendants, Illinois Department of Corrections ("IDOC"), Dixon Correctional Center ("Dixon"), Dr. Antreas D. Mesrobian, and "Doe Defendants 1-10." As the court previously dismissed Count I, Dr. Mesrobian, and the Doe defendants, all that remains is Count II, in which Williams alleges IDOC and Dixon violated his rights under the Rehabilitation Act, 29 U.S.C. § 794, while he was a prisoner at Dixon. Jurisdiction and venue are proper based on 28 U.S.C. §§ 1331, 1391. Before the court is IDOC and Dixon's motion for summary judgment as to Count II, filed pursuant to Federal Rule of Civil Procedure 56. Williams has filed a response brief and, with this court's permission, a supplemental response brief, although the latter was six days late and not accompanied by a motion for an extension of time or a motion to file instanter. IDOC and Dixon likewise have not filed a motion for an extension of time to file their reply brief, which was due fourteen days ago and, as of today's date, has not been received.

In their motion for summary judgment, IDOC and Dixon argue Williams is barred from pursuing Count II because it falls under a general release made part of an agreement Williams signed to settle case number 97 C 3475, a separate case he filed in the Eastern Division against IDOC, the Joliet Correctional Center ("Joliet"), and various individual defendants. After some procedural wrangling over whether the release was properly raised as an affirmative defense, the court now finds it ultimately is of no use to IDOC and Dixon in this case.

The present case and case number 97 C 3475 are nearly identical. Legally blind, Williams alleges in both cases that defendants failed to accommodate his visual impairment and thereby denied him access to certain IDOC services, activities, and programs, in violation of federal law (the Rehabilitation Act in the present case; the Rehabilitation Act and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., in case number 97 C 3475). See Williams v. Illinois Dep't of Corrs., No. 97 C 3475, 1999 WL 1068669, at *1-2 (N.D. Ill. Nov. 17, 1999). The important difference between the two, at least for purposes of the pending summary judgment motion, is that case number 97 C 3475 was based solely on Williams' incarceration at Joliet while the present case is based solely on his stay at Dixon (Williams was transferred from Joliet to Dixon in June 1998). See id. With that distinction in mind, the court now quotes the relevant portion of the release found in the settlement agreement: "Plaintiff . . . agrees to release . . . Defendants . . . IDOC and the State of Illinois . . . from all actions claims, demands, equitable relief, compensatory and punitive damages, costs and expenses which arose or could have arisen from the facts alleged in or claims made in *the above case* . . . ." (Def. Exh. A, Settlement Agreement ¶ 14) (emphasis added) In both the caption and recital paragraphs of the settlement agreement, the only case referenced is case number 97 C 3475. Thus, by the plain language of the release, the only claims Williams released were those that arose or could have arisen from the "facts alleged in or claims made in" case number 97 C 3475. And, as just mentioned, the only "facts alleged in or claims made in" that case concerned Williams' stay at Joliet. Therefore, because the present action deals exclusively with Williams' incarceration at Dixon, the court finds it is not barred by the release.

For the reasons stated above, IDOC and Dixon's motion for summary judgment is denied.